**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PATRICIA A. SCOTT,

    Plaintiff,

vs.                                                           Case No. 3:07-cv-736-J-32JRK

KENNETH WILLIAMS,

    Defendant.

_____/

## **REPORT AND RECOMMENDATION**[1]

This cause is before the Court on Plaintiff's Affidavit of Indigency (Dkt. No. 2),[2] her Complaint (Dkt. No. 1; Complaint), the Court's Order of November 14, 2007 (Dkt. No. 7; Order), and an untitled document (Dkt. No. 8; Untitled Document) filed in response to the Order.

On August 13, 2007, Plaintiff filed the Complaint alleging violations of 18 U.S.C. § 1001 and 20 U.S.C. §1097. Additionally, without explanation, Plaintiff suggests Defendant's conduct constituted discrimination in violation of the Americans with Disabilities Act. See Complaint at 6, 11. Apparently, Plaintiff attends Florida Community College at Jacksonville, and Defendant is an employee of Florida Community College at Jacksonville. See id. at 7, 8. Plaintiff alleges Defendant "has singled [her] out from other students and

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within ten (10) days after service of this document. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

[2] Plaintiff's Affidavit of Indigency is construed as a Motion to Proceed In Forma Pauperis.

. . . changed a digit in [her] social security number." Id. at 6.  Plaintiff states that she correctly filled out her social security number on a test score sheet, but when the score report was returned, her social security number was incorrect. Id. at 6-7, 9-10.  She claims Defendant, "a criminal mastermind[,] admitted to [her] that he had changed one digit . . . and . . . had printed [her] a new score sheet." Id. at 8, 10.

On November 14, 2007, the Court entered an Order in which it expressed concern that the allegations contained in the Complaint do not state a valid cause of action within the jurisdiction of the federal courts. See Order (Dkt. No. 7) at 2-4.  The Court observed that 18 U.S.C. § 1001 is a criminal statute that does not provide a private cause of action; that 20 U.S.C. § 1097 addresses criminal penalties in relation to student loan fraud and does not provide a private cause of action; and that Plaintiff's generic assertions of discrimination do not state a cause of action under the Americans with Disabilities Act. Id.

Because of Plaintiff's pro se status, she was given an opportunity to cure the Complaint and was directed to file an amended complaint within ten (10) days to address deficiencies identified in the Complaint.  The Court directed Plaintiff to, among other things, include a brief, simple statement showing that Plaintiff is entitled to relief in compliance with Rule 8, Federal Rules of Civil Procedure.  The Court advised Plaintiff "if possible, [to] set forth the facts on which her case is based in a few simple sentences." Id. at 4.  Plaintiff was warned that failure to file an amended complaint within the ten (10) days may result in a recommendation that this action be dismissed for lack of prosecution pursuant to Rule 3.10(a), Local Rules, United States District Court, Middle District of Florida. See id. at 4.

Plaintiff, on November 27, 2007, filed a one page Untitled Document in which she states:

> I must be completely honest with the Court. I do not know what relief I am seeking in this case, [n]or do I know the correct law to cite in my civil action, that I filed on August 13, 2007.

The undersigned appreciates Plaintiff's candor. Nevertheless, as noted above, Plaintiff was advised that failure to file an amended complaint could result in dismissal of her case. Accordingly, it is recommended that this case be dismissed for lack of prosecution. See Rule 3.10(a), Local Rules, United States District Court, Middle District of Florida.

Even accepting as true, for the sake of argument, that Defendant tampered with Plaintiff's social security number without Plaintiff's consent, the Complaint does not state a cognizable private or civil cause of action under 18 U.S.C. § 1001 or 20 U.S.C. § 1097, both criminal statutes. Moreover, Plaintiff fails to set forth sufficient facts regarding her alleged "physical impairment" to establish a prima facie case of discrimination under the Americans with Disabilities Act. Consequently, it is recommended that the Complaint also be dismissed for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's Motion to Proceed In Forma Pauperis (Dkt. No. 2) be **DENIED**, and the Complaint (Dkt. No. 1) be **DISMISSED,**

**without prejudice,** for lack of prosecution and failure to state a claim on which relief may be granted.

**ENTERED** at Jacksonville, Florida, this 17th day of December, 2007.

*/s/ James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

All Counsel of Record
Pro Se Parties